**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID SOLIS,<br><br>                    Plaintiff,<br><br>   v.<br><br>LOUIS DE JOY and ADRIAN BARAJAS,<br><br>                    Defendants. | Case No. 25-cv-01935-BAS-MSB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2)** |

Plaintiff David Solis filed a complaint against Defendants (ECF No. 1) and a motion to proceed in forma pauperis ("IFP") (ECF No. 2) concurrently.

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give

security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

Here, the Court concludes that Plaintiff has provided sufficient information to show Plaintiff is unable to pay the fees or post securities required to maintain this action. Plaintiff is currently unemployed and receives $1,103.00 in retirement compensation monthly. (*See* ECF No. 2.) Plaintiff's spouse receives $1,781.00 monthly in employment compensation. (*Id*.) Jointly, Plaintiff and Plaintiff's spouse have $2,000 in cash in a checking account. (*Id*.) Though Plaintiff has significant assets in real estate and in his motor vehicle, Plaintiff's total monthly expenses culminate to $4,690.00—exceeding his household's monthly income by $1,834.00. (*Id*.) Additionally, Plaintiff receives no income from real property, investments, retirement accounts, gifts, or alimony. (*Id*.) For the reasons discussed, the Court **GRANTS** Plaintiff's IFP motion.

Further, given that Defendants are represented by the Civil Division of the United States Attorney's Office, the Court **TOLLS** the deadline for Defendants to respond to the Complaint under General Order 766 until Congress restores appropriations to the United States Department of Justice. *See* General Order 766 ¶¶ 3–4.

**IT IS SO ORDERED.**

**DATED: October 20, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court